## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SKRIP, and NOAH PEZNOWSKI, individually and on behalf of all similarly situated persons<br><br>Plaintiffs,<br><br>v.<br><br>TULPEHOCKEN SPRING WATER, INC.,<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>No. _____ |

## **COMPLAINT**

Plaintiffs, Joseph Skrip ("Mr. Skrip"), and Noah Peznowski ("Mr. Peznowski") (collectively, "Plaintiffs"), by and through their counsel, Mobilio Wood, and Cohn Lifland Pearlman Herrmann & Knopf LLP, individually and on behalf of all others similarly situated, allege as follows:

## **Introduction**

1.      This lawsuit arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 260.1, *et seq.* ("PMWA"), and Pennsylvania common law, as a result of the failure of defendant Tulpehocken Spring Water, Inc. ("Defendant") to pay Plaintiffs,

and other similarly situated employees who are members of the Collective and Class (defined herein), all earned wages.

2.      Plaintiffs bring this action as: (i) a collective action pursuant to the FLSA; and (ii) a class action pursuant to Pennsylvania statutory and common law and Rule 23 of the Federal Rules of Civil Procedure, to recover unpaid overtime wages.

3.      Plaintiffs, as well as the Collective and Class members, are persons who perform or performed work for Defendant as water delivery drivers who deliver or delivered water to Defendant's residential and commercial customers (collectively, "Drivers", and each, individually, a "Driver").

4.      Pursuant to Defendant's uniform policies and practices, Defendant automatically deducts a 30-minute lunch break from Drivers' time each shift, and thus does not compensate Drivers for the 30-minute break.

5.      Drivers, however, regularly perform work during their unpaid lunch breaks.

6.      Defendant's uniform policies and procedures also provide for the payment of commissions and nondiscretionary performance bonuses to Drivers, but on occasions when Defendant pays overtime compensation to Drivers, Defendant does not include the amount of the commissions or nondiscretionary bonuses in Drivers' regular rates of pay for purposes of the overtime pay calculation.

7.     Thus, Plaintiffs allege on behalf of the Class and Collective that they are owed wages from Defendant, including: (i) unpaid wages for straight-time hours worked during 30-minute lunch breaks for which they did not receive wages; (ii) unpaid wages for overtime hours worked during 30-minute lunch breaks for which they did not receive overtime premium pay; and (iii) underpaid wages for overtime compensation, due to Defendant's failure to include the amount of Drivers' commissions and performance bonuses in Drivers' regular rates of pay for purposes of calculating overtime pay.

8.     As a result of the aforementioned pay practices, Plaintiffs and the members of the Collective and Class were and are illegally under-compensated for their work.

## **Class and Collective Definitions**

9.     Plaintiffs bring this suit on behalf of the following similarly situated collective:

> All individuals who perform or performed work for Defendant as Drivers delivering from one or more of Defendant's water distribution facilities located within the Commonwealth of Pennsylvania, at any time during the applicable limitations period covered by this Complaint (*i.e.*, two (2) years for FLSA violations, and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 16(b) (the "Collective").

10.     Plaintiffs also bring this suit on behalf of the following similarly situated class of persons:

> All individuals who perform or performed work for Defendant as Drivers delivering from one or more of Defendant's water distribution facilities located within the Commonwealth of Pennsylvania at any time during the period beginning four (4) years before the filing of this Complaint up to and including the date of final judgment in this matter (the "Class").

### Parties

11.     Mr. Skrip is an adult individual and a citizen of the Commonwealth of Pennsylvania.

12.     Mr. Skrip has consented in writing to be a plaintiff in this action and has executed a Consent to Join Collective Action form, a true and correct copy of which is attached hereto as **Exhibit "A"**.

13.     Mr. Skrip was employed by Defendant as a Driver at Defendant's Mountain Top, Pennsylvania water distribution facility from in or around August 2022 through in or around January 2024.

14.     Mr. Peznowski is an adult individual and a citizen of the Commonwealth of Pennsylvania.

15.     Mr. Peznowski has consented in writing to be a plaintiff in this action and has executed a Consent to Join Collective Action form, a true and correct copy of which is attached hereto as **Exhibit "B"**.

16.    Mr. Peznowski was employed by Defendant as a Driver at Defendant's Mountain Top, Pennsylvania water distribution facility on several occasions from in or around August 2022 through in or around March 2023.

17.    Defendant is a Pennsylvania corporation headquartered at 750 Point Township Drive, Northumberland, Pennsylvania 17857.

18.    In or around August 2022, Defendant acquired its Mountain Top, Pennsylvania water distribution facility from Glen Summit Spring Water Company, Inc., where Plaintiffs were employed at the time.

19.    Defendant has transacted business, including the employment of Plaintiffs and Drivers, within the Commonwealth of Pennsylvania, including within this judicial district.

20.    In engaging in the conduct alleged herein, Defendant acted in the course, scope of, and in furtherance of the aforementioned employment relationships.

## Jurisdiction and Venue

21.    This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

22.    This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

23.     Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, because acts or omissions giving rise to the claims of the Plaintiffs alleged herein occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein in this judicial district and, thus, is subject to personal jurisdiction in this judicial district.

## **Factual Allegations**

**A.      Defendant's Operations and the Role of Its Drivers**

24.     Defendant sources, bottles, and distributes spring water.

25.     According to Defendant's website, "Tulpehocken Spring Water comes from pristine Pennsylvania springs located deep in the mountains."

26.     Defendant's website further provides that after Defendant extracts spring water from Pennsylvania springs, Defendant's "sanitized stainless steel tanker trucks transport the water to our bottling plant in Northumberland, PA."

27.     Once Defendant's spring water is bottled at its Pennsylvania bottling plant, Defendant transports the bottled water to its distribution facilities, from which Defendant's Drivers, in turn, deliver the bottled water to Defendant's residential and commercial customers.

28.     The majority of Defendant's customers are located within Pennsylvania.

29.     Defendant's Drivers use trucks and vans owned and/or controlled by Defendant in order to deliver water to Defendant's customers.

30.     At all relevant times, Defendant's Drivers have been paid on an hourly basis.

31.     A portion of the delivery vehicles used by each of Defendant's Drivers weigh less than 10,000 pounds.

32.     Although Defendant maintains a minimal client base outside of Pennsylvania, upon information and belief, Defendant's Pennsylvania-based Drivers only deliver water to customers located within Pennsylvania, and do not handle goods destined for anywhere outside of Pennsylvania.

33.     Defendant owns, operates, manages, and/or controls approximately six (6) water distribution facilities located in Pennsylvania.

34.     Upon information and belief, all of the water distribution facilities are operated by Defendant under uniform policies and procedures applicable to all members of the Collective and Class, including subjecting Drivers to the unlawful pay practices complained of herein.

35.     In fact, Defendant maintains a single website that incorporates each of its water distribution facilities, utilizes a uniform employee handbook applicable to Drivers employed at each of its water distribution facilities, and employs a general

manager who, upon information and belief, oversees operations at all of Defendant's Pennsylvania-based water distribution facilities.

36.    Accordingly, upon information and belief, the wrongful employment practices complained of herein were applicable to all Drivers employed at Defendant's water distribution facilities, as Defendants controlled and utilized common labor policies and practices at each of the facilities.

**B.    Defendant Automatically Deducts a 30-Minute Lunch Break from Drivers' Daily Shifts and Does Not Pay Them for the Time, But Drivers Regularly Perform Work During Their Unpaid Breaks**

37.    Defendant's Drivers typically work on Monday through Friday of each week, from 7:00 a.m. until 3:30 p.m. each day.

38.    At the outset of each shift, Drivers report to Defendant's distribution warehouses, where they pick up their delivery vehicles and receive their assigned delivery routes for the day.

39.    Drivers are assigned anywhere from approximately 60 to more than 120 deliveries that they are required to complete by the end of each shift.

40.    On many occasions, Defendant adds additional deliveries to Drivers' routes throughout a shift.

41.    After Drivers receive their delivery routes each morning, they leave Defendant's distribution warehouses and perform their assigned deliveries.

42.    Defendant's management stresses to Drivers that Drivers must: (i) complete all of their assigned deliveries by the end of each shift, so that no deliveries carry over to the next day's shift; and (ii) do so while avoiding or minimizing working overtime.

43.    Indeed, with respect to the latter directive, Defendant's uniform employee handbook provides, "You only work overtime at the request and authorization of Tulpehocken Spring Water immediate supervisor or Joseph Malloy," and "Employees may be subject to disciplinary action for non-approved overtime."

44.    Pursuant to Defendant's uniform policies and procedures, Defendant automatically deducts a 30-minute unpaid lunch from Drivers' time each day.

45.    However, in order to comply with Defendant's requirements that Drivers complete all of their assigned deliveries by the end of a shift, as well as to minimize working overtime, Drivers regularly deliver water throughout their unpaid lunch breaks.

**C.    Defendant Pays Commissions and Nondiscretionary "Work Performance Bonuses" to Drivers, but Does Not Include the Commissions or Bonuses in Drivers' Regular Rates of Pay on Occasions When Defendant Pays Overtime Compensation to Drivers**

46.    Pursuant to Defendant's uniform policies and procedures, Drivers are eligible to earn bonuses – deemed a "work performance bonus" by Defendant – ranging from $250.00 to $500.00 per month.

47.     Drivers' eligibility to earn a "work performance bonus" is based on Drivers' performance, productivity, and attendance.

48.     Defendants' uniform policies and procedures also provide for the payment of a commission to Drivers in the amount of approximately $0.14 for each water product delivered to a customer.

49.     On occasions when Defendant pays overtime compensation to Drivers, Defendant does not include the amounts of Drivers' commissions or performance bonuses in Drivers' regular rates of pay.

## Class and Collective Allegations

50.     Plaintiffs bring this action on behalf of the Collective as a collective action pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b).  The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

51.     As described herein, Defendant regularly failed to compensate Drivers for all hours worked.

52.     Defendant also failed to compensate Drivers for all hours worked in excess of forty (40) hours per workweek.

53.     In addition, Defendant has improperly calculated overtime compensation paid to Drivers.

54.    Plaintiffs, having been employed by Defendant as Drivers, and subjected to the same pay policies and unlawful pay practices applicable to all Drivers, as set forth above, are similarly situated to the members of the Collective.

55.    Plaintiffs also bring this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of themselves and the Class for claims under the PMWA and Pennsylvania common law.   The claims brought pursuant to the PMWA and Pennsylvania common law may be pursued by all similarly situated persons who do not opt out of the Class pursuant to Fed. R. Civ. P. 23.

56.    Upon information and belief, the members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of the members of the Class is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, as set forth above, Plaintiffs believe there are well over forty (40) individuals in the Class.

57.    The claims of Plaintiffs are typical of the claims of the Class they seek to represent.  Plaintiffs and the members of the Class worked for Defendant as Drivers and were subject to the same compensation policies and practices, as set forth above.

58.    Common questions of law and fact exist as to the Class that predominate over any questions affecting Class members individually and include, but are not limited to, the following:

(a)    Whether Defendant had or has a uniform policy and/or practice of failing to pay Drivers for all hours worked;

(b)    Whether Plaintiffs and the members of the Class and Collective were and are encouraged, expected, permitted, and/or required to work hours without proper compensation;

(c)    Whether Defendant's conduct in failing to pay Drivers for all hours worked was and is willful;

(d)    Whether Defendant has failed to pay Drivers overtime compensation for all hours worked in excess of 40 per workweek;

(e)    Whether Defendant has improperly calculated overtime compensation paid to Drivers;

(f)    Whether Plaintiffs and members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

(g)    Whether Plaintiffs and members of the Class are entitled to restitution;

(h)    Whether Plaintiffs and the members of the Class are entitled to liquidated damages; and

(i)    Whether Defendant is liable for attorneys' fees and costs.

59.    Plaintiffs will fairly and adequately protect the interests of the Class as their interests are in alignment with those of the members of the Class.  Plaintiffs have no interests adverse to the Class they seek to represent, and have retained competent and experienced counsel.

60.    The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Class may be relatively small when compared to the

expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

61.    Defendant has acted willfully and with a lack of good faith in its violations of the FLSA and PMWA.

## COUNT I

**VIOLATION OF THE FAIR LABOR STANDARDS ACT:
OVERTIME WAGE VIOLATIONS
(On Behalf of Plaintiffs and the Collective)**

62.    Plaintiffs, on behalf of themselves and the Collective, reallege and incorporate by reference the paragraphs above as if they were fully set forth at length again herein.

63.    At all relevant times, Defendant was an employer engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

64.    Specifically, at all relevant times, Defendant employed and/or continues to employ, employees "engaged in commerce or in the production of goods for commerce" and "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce," within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

65.     At all relevant times, Defendant also has had annual gross volume of sales made or business done in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

66.     At all relevant times, Defendant employed Plaintiffs and each of the Collective members within the meaning of the FLSA.

67.     At all relevant times, Plaintiffs and members of the Collective were non-exempt employees under the FLSA and thus were entitled to be compensated at one-and-one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per workweek.

68.     Pursuant to Defendant's policies and procedures, Defendant willfully failed to pay overtime compensation to Drivers for time spent performing delivery work during their unpaid lunch breaks.

69.     In addition, pursuant to Defendant's policies and procedures, Defendant willfully failed to include the amounts of Drivers' commissions and nondiscretionary performance bonuses in Drivers' regular hourly rates when calculating overtime compensation payable to Drivers.

70.     Pursuant to 29 C.F.R. § 778.117, commissions must be included in the regular rate for purposes of calculating overtime.

71.     Pursuant to 29 U.SC. § 207(e)(3)(a) and 29 C.F.R. 778.211, only discretionary bonuses may be excluded from the regular rate for purposes of calculating overtime.

72.     As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and members of the Collective, the appropriate overtime compensation for all hours worked in excess of forty (40) hours per workweek, Defendant violated the FLSA, 29 U.S.C. § 201, *et seq.*

73.     Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74.     Due to Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the members of the Collective, are entitled to recover from the Defendant: compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### PENNSYLVANIA MINIMUM WAGE ACT:
### OVERTIME WAGE VIOLATIONS
### (On Behalf of Plaintiffs and the Class)

75.     Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference the paragraphs above as if they were fully set forth at length again herein.

76.     At all relevant times, Plaintiffs and members of the Class were non-exempt employees under the PMWA and thus were entitled to be compensated at one-and-one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per workweek.

77.     Pursuant to Defendant's policies and procedures, Defendant willfully failed to pay overtime compensation to Drivers for time spent performing delivery work during their unpaid lunch breaks.

78.     In addition, pursuant to Defendant's policies and procedures, Defendant willfully failed to include the amounts of Drivers' commissions and nondiscretionary performance bonuses in Drivers' regular hourly rates when calculating overtime compensation payable to Drivers.

79.     34 Pa. Code § 231.43 provides that "the regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to or on behalf of the employee," other than certain exceptions not applicable in the present case.

80.     As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and members of the Class, at the appropriate overtime wage rate, Defendant violated the PMWA, 43 P.S. § 260.1 *et seq.*

81.     Due to the Defendant's violations, Plaintiffs, on behalf of themselves and the members of the Class, are entitled to recover from Defendant the amount of unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

## COUNT III

**VIOLATION OF PENNSYLVANIA COMMON LAW:
UNJUST ENRICHMENT
(On Behalf of Plaintiffs and the Class)**

82.     Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference the paragraphs above as if they were fully set forth at length again herein.

83.     Plaintiffs and the members of the Class were employed by Defendant.

84.     At all relevant times, Defendant maintained a willful policy and practice of failing to compensate Drivers for all hours worked per workweek, which resulted in Plaintiffs and other Drivers being paid for less straight-time and overtime hours than they had worked.

85.     Defendant retained the benefits of its failure to compensate Plaintiffs and other Drivers under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits.

86.     Defendant was unjustly enriched by failing to compensate Plaintiffs and other Drivers.

87.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the members of the Class suffered injury and are entitled to reimbursement, restitution, and disgorgement from Defendant of the benefits conferred by Plaintiffs and the Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated members of the Class and Collective, respectfully request that this Court grant the following relief against Defendant:

A.    Certification of this action as a collective action on behalf of the Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising the Collective members of the pendency of this action, and permitting the Collective members to assert timely FLSA claims in this action by filing individual Consent to Join Collective Action forms pursuant to 29 U.S.C. § 216(b);

B.    Certification of the action as a class action under Fed. R. Civ. P. 23(b)(3) on behalf of the Class;

C.    On the first claim for relief, an award of unpaid compensation for overtime and an additional amount as liquidated damages to Plaintiffs and the members of the Collective;

18

D.     On the second claim for relief, an award of unpaid compensation for overtime and an additional amount as liquidated damages to Plaintiffs and the members of the Class;

E.     On the third claim for relief, an award of reimbursement, restitution, and disgorgement from Defendant of wages improperly retained by Defendant to the Plaintiffs and the members of the Class;

F.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs and members of the Class and Collective, pursuant to the FLSA and PMWA, respectively; and

G.     Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on all issues so triable.

                                        Respectfully submitted,

Date:  4/18/2024              BY:   */s/ Peter C. Wood, Jr.*
                                        Peter C. Wood, Jr., Esq. (ID No. 310145)
                                        **MOBILIO WOOD**
                                        900 Rutter Ave., Box 24
                                        Forty Fort, PA 18704
                                        Phone: (570) 234-0442
                                        Fax: (570) 266-5402
                                        peter@mobiliowood.com

                                        Alex Pisarevsky, Esq. (NJ 029262008)
                                        (Seeking admission *Pro Hac Vice*)

**COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP**
Park 80 West-Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Phone: (201) 845-9600
Fax: (201) 845-9423
ap@njlawfirm.com

*Co-Counsel for Plaintiffs*